UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERNELL SHOBEY,

Plaintiff,

v.

ELISEO,

Defendant.

CASE NO. 3:26-cv-05778-DGE

ORDER DISMISSING CASE

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), has submitted a complaint asserting claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. (Dkt. No. 3 at 3–4.) Plaintiff alleges she "was employed by Eliseo at Tacoma Lutheran home" as the "Community Life Director." (*Id*. at 4.) Plaintiff names "Eliseo" as the sole defendant. (*Id*. at 3, 8.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Here, the complaint in its present form violates Federal Rule of Civil Procedure 8 because it fails to contain a short and plain statement of her claims showing she is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff alleges she was employed by "Eliseo" but also identifies she was employed at a Tacoma Lutheran Home facility. (Dkt. No. 3 at 8.) Plaintiff identifies she raised concerns to the "Defendant's Board of Governors" "regarding the conduct of the Chief Executive Officer." (*Id.*) The complaint fails to clarify who "Eliseo" is relative to the Tacoma Lutheran Home facility or why "Eliseo" would have a Board of Governors. At present, it is unclear why "Eliseo" was Plaintiff's employer rather than a possible entity that had a Board of Governors.

Plaintiff also asserts Defendant discriminated against her based on her race and her mental health. (Dkt. No. 3 at 5.) Plaintiff does not identify how Defendant discriminated against her based on either her race or mental health. Rather, she asserts that treatment of her changed—without explaining how it changed—after she reported concerns regarding the conduct of the

chief executive officer of the company to the Board of Governors. (*Id*. at 4.) The Court is not able to find Plaintiff identifies a plausible claim based on the limited information Plaintiff provides in her complaint.[1] [2]

Accordingly, Plaintiff's complaint is DISMISSED under 28 U.S.C. § 1915(g). Plaintiff is granted leave to file an amended complaint to address these deficiencies. Plaintiff shall submit an amended complaint addressing these deficiencies no later than **August 20, 2026**. If Plaintiff fails to submit an amended complaint, this matter will be dismissed without prejudice for failure to prosecute.

To the extent Plaintiff seeks assistance with this matter, Plaintiff may contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and procedures or preparing case documents. Participation is voluntary and the Clinic operates independently from the Court. To request an appointment, Plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message. In Tacoma, Plaintiffs may request an appointment by calling 253.368.6690.

The Clerk is directed to calendar this event.

Dated this 21st day of July, 2026.

[1] Plaintiff also does not identify what relief she is seeking.

[2] Plaintiff also submits an additional document in her complaint that indicates she is bringing a retaliation claim. (Dkt. No. 3 at 8.) It is not clear on what basis this retaliation claim is being brought. To the extent Plaintiff is bringing it under Title VII, is not clear what "statutorily protected expression" she identifies as having a causal link with any adverse employment action. *See EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1009, 1012 (9th Cir. 1983).

David G. Estudillo
United States District Judge